## LANCASTER v. WITTE.

### (Circuit Court, D. Maryland. January 22, 1910.)

1. PATENTS (§ 37*)—NOVELTY—MEANS OF UNITING PARTS.
    The making of an annular ring or flange on the feed-section of a fountain pen, over which the mouth of the elastic rubber reservoir for holding the ink is stretched for the purpose of making the connection more secure, is only a usual and well-known method of making a tight connection between an elastic tube and an inelastic one, and does not disclose patentable novelty.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 37.*]

2. PATENTS (§ 328*)—INFRINGEMENT—FOUNTAIN PEN.
    The Eberstein patent, No. 721,549, for a fountain pen, *held* not infringed.

In Equity. Suit by Warren N. Lancaster against Frederick G. M. Witte. Decree for defendant.

Robert B. Tippett & Bro., for complainant.
Watson & Raymond, for defendant.

MORRIS, District Judge. The bill of complaint alleges infringement of patent No. 721,549, dated February 24, 1903, issued to August Eberstein, and assigned to Warren N. Lancaster, for an improvement in fountain pens. The defense is that the patent is void for want of novelty and noninfringement.

The complainant in effect relies upon the use of the flange by the defendant, and does not urge any other ground of relief. In his specification, the patentee thus states the nature of his device:

"My invention relates more particularly to that type of fountain pen wherein the ink is contained in an elastic sack or reservoir in connection with the feed-section; and it has for its objects the production of novel means for more readily manipulating the reservoir when filling the same and the attachment of the reservoir to the feed-section."

The tubular feed-section through which the ink from the elastic sack flows to the pen is made with an annular external flange (f6) over which the rubber reservoir containing the ink is tightly stretched, so that the annular flange serves to hold the elastic rubber reservoir on the feed-section, and to increase the firmness of the hold the walls of the elastic reservoir are thickened.

The brief of the complainant's counsel thus states his case:

"Eberstein's patent presents one of more than ordinary merit, because he has simplified the holding of the sack on the feed-section. This is an essential feature of construction in combination with other elements forming a concrete invention. This feature has been confiscated by the defendant. * * * If, therefore, none of the patents of record exhibit the enlargement on the feed-section to attach the sack, it must be construed new, and, inasmuch as the defendant has appropriated the essential feature of the Eberstein pen, they must infringe his patent."

This argument amounts to this: That although the usual and well-known method of making a tight connection between an elastic rubber tube and an inelastic tube was to have an annular flange on the inelastic part, over which the elastic part was stretched, yet if that well-known mechanical connection is found in Eberstein's patent applied to a fountain pen, no other manufacturer of fountain pens can use that means of making a tight connection, because, as is contended, Eberstein was the first to use it in making a fountain pen.

This contention, if I have fairly stated it, cannot be sustained for two reasons. The first is that Eberstein's is a patent for a combination, and there are other elements in Eberstein's patent which are not found in the defendant's pen. The second reason is that the annular flange over which the elastic rubber tube can be stretched and remain tight is one of the most common methods of uniting any piece of elastic tubing with a hard rubber, glass, metal, or wooden pipe. In all the numerous fountain pens which have been put upon the market having an elastic rubber reservoir to contain the supply of ink, the elastic tubular ink reservoir is connected with the inelastic feed-section by being forced over or inside of a tube smaller or larger than itself. In the specification of Leutner's patent, No. 387,686, August, 1884, it is said there is an annular recess, "so that the elastic reservoir can be securely attached to the same by means of an elastic ring or in other suitable manner." Considering the state of the art and the well-known use of the annular ring or collar or projection for the purpose, it would seem that the phrase "other suitable manner" included the substitution of the well-known annular projection for the annular recess. The patent in suit provides that in order to tightly compress the elastic tubular reservoir upon the annular ring and for greater safety it may be thickened, but that construction is not used by the defendant.

On the whole case, I am satisfied that the defense of want of novelty as to the annular flange and the defense of noninfringement as to the complainant's combination is sustained. I will sign a decree dismissing the bill.